# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ARLINGTON SPECIALTIES, INC., d/b/a PINCH PROVISIONS | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 13-cv-4180 |
| URBAN AID, INC. | ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

On September 30, 2014, the Court entered summary judgment in favor of defendant Urban Aid, Inc. ("Urban Aid"). Thereafter, Urban Aid filed a motion for attorneys' fees [100] and a Bill of Costs [105]. The parties briefed Urban Aid's attorney fees motion pursuant to the Court's order, but no briefing schedule was set for Urban Aid's Bill of Costs. For the reasons that follow, the Court denies Urban Aid's motion for attorneys' fees and orders payment of Urban Aid's expenses as set forth in its Bill of Costs.

**Background**

Plaintiff Arlington Specialties, Inc. d/b/a Pinch Provisions ("Pinch Provisions"), filed suit against Urban Aid in June 2013 alleging trade dress infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a) and (c) *et seq.*, and various state statutes. The suit alleges that Urban Aid manufactured and sold to Designer Shoe Warehouse ("DSW") emergency supply kits packaged in small pouches. Pinch Provisions claimed that the shape of the pouch was protected trade dress under the Lanham Act. Urban Aid filed a motion for summary judgment on all claims on January 6, 2014 on the grounds that the pouch's shape is

functional and therefore cannot be protected as trade dress. The Court granted Urban Aid's motion in its entirety.

**Discussion**

*1. Attorneys' Fees*

An award of attorneys' fees is allowed under 15 U.S.C. § 1117(a) only in "exceptional cases." *Nightingale Home Healthcare, Inc. v. Anodyne Therapy*, LLC, 626 F.3d 958, 960 (7th Cir. 2010). A case under the Lanham Act is exceptional "if the losing party was the plaintiff and was guilty of abuse of process in suing." *Id.* at 963. The abuse of process test is met where a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 964. Further, the Seventh Circuit has instructed that "[a]n elaborate inquiry into the state of mind of the party from whom reimbursement of attorneys' fees is sought should be avoided. It should be enough to justify the award if the party seeking it can show that his opponent's claim or defense was objectively unreasonable – was a claim or defense that a rational litigant would pursue only because it would impose disproportionate costs on his opponent – in other words only because it was extortionate in character if not necessarily in provable intention." *Id.* at 956. The Court finds that this is not an exceptional case for the reasons that follow.

Urban Aid argues that Pinch Provisions' trade dress claim is meritless and thus objectively unreasonable. In support, Urban Aid contends that the United States Patent and Trademark Office's ("USPTO") non-final office actions refusing Pinch Provisions' trade dress application put it on notice that its trade dress claim was frivolous. To prevail on any of its claims, all of which were based on an allegedly protectable trade dress, Pinch Provisions was required to prove as a threshold issue that the alleged trade dress is not functional. *See* 15 U.S.C. § 1125(a)(3). However, Pinch Provisions' trade dress application was refused on the ground that

2

it is a non-distinctive product design. The USPTO did not make a finding regarding functionality. (*See* Pl. 56.1 Resp. ¶¶ 6, 7 and related exhibits.) Thus, the Court finds that it is not objectively unreasonable for Pinch Provisions to pursue an action seeking a favorable ruling on the issue of functionality.

Urban Aid also points to this Court's opinion granting it summary judgment as evidence that Pinch Provisions' trade dress claim is meritless. While this Court is not persuaded that Pinch Provisions has a protectable trade dress under any standard reading of functionality, this conclusion was reached only after review of the parties' evidence and arguments. The record here does not support an inference that Pinch Provisions made a frivolous claim. In any event, lack of merit alone does not make a case exceptional. *Nightingale Home Healthcare*, 626 F.3d at 965. Urban Aid must show that Pinch Provisions' claim was pursued only to impose disproportionate costs or, in other words, for oppressive reasons. *Id.*

Urban Aid argues that Pinch Provisions pursued this case only to "crush" Urban Aid with litigation costs based on Urban Aid's alleged smaller size and Pinch Provisions' unwillingness to settle. However, the companies are relatively similar in size, both being small family-owned businesses, and Urban Aid does not provide any comparative financial information from which this Court can determine any disproportionate costs. Further, Urban Aid only makes a passing reference to "irrelevant discovery and motions," and fails to identify any specific discovery or litigation device, including Pinch Provisions' settlement strategy, that was abusive, wasteful or intended only to drive up litigation costs. *See Door Systems, Inc. v. Pro-Line Door Systems, Inc.*, 126 F.3d 1028, 1031 (7th Cir. 1997) (litigation conduct must rise to the level of oppressive in order to justify declaring a case exceptional). Instead, Urban Aid offers only that it was singled out as a "test case" that Pinch Provisions believed would be least likely to mount a defense and

most likely to settle. There is no evidence in the record to support these statements. Indeed, the record reveals that the companies' various products co-existed in the market for years until late 2012 when Urban Aid created a pouch-type kit for DSW to be used as a one-time giveaway promotion. This is the event that prompted Pinch Provisions' lawsuit and the Court finds that this is not evidence of an improper motive. Pinch Provisions sought protection of its alleged trade dress through a reasonably legitimate remedy, Lanham Act and similar state law claims. *See TE-TA-MA Truth Foundation-Family of URI, Inc. v. World Church of the Creator*, 392 F.3d 248, 264 (7th Cir. 2004) ("Playing hard – by the rules – cannot suffice to make a case exceptional under § 1117(a).").

Although the Lanham Act claim was a losing effort for Pinch Provisions, its conduct in this litigation bore no indicia of the type of extortionate and oppressive behavior that warrants an award of fees. *See, e.g., Nightingale Home Healthcare*, 626 F.3d at 965 (claim brought in an attempt to coerce a price reduction from defendant); *Central Mfg., Inc. v. Brett*, 492 F.3d 876, 884 (7th Cir. 2007) (discussing bitter discovery disputes and the paucity of evidence produced in support of the plaintiff's claims); *Top Tobacco, L.P. v. N. Atl. Operating Co., Inc.*, No. 06 C 950, 2007 WL 1149220, at *5 (N.D. Ill. Apr. 17, 2007) (Kennelly, J.) (plaintiff gave "absurd" deposition testimony and presented baseless litigation positions that needlessly increased time and expense); *S Indus., Inc. v. Ecolab, Inc.*, No. 96 C 4140, 1999 WL 162785, at *8 (N.D. Ill. March 16, 1999) (Gottschall, J.) (little evidence was produced in support at summary judgment, and the plaintiff had a pattern of obstruction during discovery); *S Indus., Inc. v. Centra 2000, Inc.*, No. 96 C 3524, 1998 WL 395161, at *2 (N.D. Ill. July 9, 1998) (Lindberg, J.) (plaintiff employed dilatory tactics during four years of litigation). The Court cannot conclude that Pinch Provisions' case or legal theories were so objectively unreasonable as to be considered an abuse

4

of process or brought only for oppressive reasons.  Therefore, Urban Aid's motion for attorney fees under the Lanham Act is denied.

Urban Aid also contends that it is entitled to recover its attorneys' fees as a sanction under Rule 37 for Pinch Provisions alleged failure to admit key issues in the case.  Rule 37(c)(2) provides for reasonable attorneys' fees incurred by a requesting party in proving a matter true that was denied by a responding party, except in limited circumstances including where the party failing to admit has a reasonable ground to believe that it might prevail on the matter.  Regarding this exception, the 1970 Advisory Committee notes provide that "the true test under Rule 37(c) is not whether a party prevailed at trial but whether he acted reasonably in believing that he might prevail."  Fed.R.Civ.P. 37 advisory committee's note; *U.S. v. Pecore*, 664 F.3d 1125, 1137 (7th Cir. 2011).

Urban Aid claims that Pinch Provisions denied requests to admit that (1) the claimed dress was functional, (2) the claimed trade dress was generic, (3) there are no distinctive elements in the alleged trade dress, and (4) Urban Aid did not interfere with any prospective business relations of Pinch Provisions.  Urban Aid argues that it is entitled to all of its attorneys' fees because these issues formed the core of its summary judgment motion and were the entire focus of its defense.  Urban Aid's arguments do not persuade this Court.  The Court finds that Pinch Provisions reasonably believed it might prevail on these issues based on the record and for the same reasons the Court found that its claims were not frivolous, as set forth above.  Because the Court finds that an exception applies, it need not reach the issue of causation between the expenses claimed and the failure to admit that is necessary to determine the amount of any award.  *See JD Factors LLC v. FreightCo, LLC*, No. 1:09-cv-95, 2010 WL 4316881, at *4 (N.D. Ind. Oct. 25, 2010).  Accordingly, Urban Aid's motion for attorneys' fees is denied.

2. *Bill of Costs*

Federal Rule of Civil Procedure 54(d) provides that a prevailing party is entitled to recover its costs. "Prevailing party" means "the party in whose favor judgment has been entered." *Republic of Tobacco Co. v. N. Atl. Operating Co.*, 481 F.3d 442, 446 (7th Cir. 2007). The Seventh Circuit has held that costs "must be awarded to a prevailing party unless one of the recognized situations warranting a denial of costs is present." *Mother & Father v. Cassidy*, 338 F.3d 704, 709-10 (7th Cir. 2003) (noting that denial is warranted only in situations involving misconduct of the party seeking costs or where the losing party is indigent). Urban Aid requests costs in the amount of $282.00 for clerk's fees and a transcript of the February 20, 2014, court hearing. These costs are taxable expenses contemplated by 28 U.S.C. § 1920 and the Court orders Pinch Provisions to pay Urban Aid's expenses in the amount of $282.00.

**Conclusion**

For the foregoing reasons, Urban Aid's motion for attorneys' fees [100] is denied and the Court orders Pinch Provisions to pay Urban Aid's expenses in the amount of $282.00 as set forth in its Bill of Costs [105].

    SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Judge

DATED: April 21, 2015